UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANE LORE,
        Petitioner,

    v.                                                                 CIVIL ACTION
                                                                             NO. 15-14168-WGY
BETH ISRAEL DEACONESS MEDICAL CENTER,
        Respondent.

MEMORANDUM AND ORDER

YOUNG, D.J.                                                                                 December 22, 2015

       For the reasons set forth below, this Court lacks jurisdiction to hear the petitioner's claims and dismisses this action without prejudice.

BACKGROUND

       On December 14, 2015, petitioner Jane Lore ("Lore") filed a pro se petition for writ of habeas corpus "requesting to be heard in the matter of an involuntarily civil commitment" pursuant to Massachusetts General Laws Chapter 123, § 12 (emergency restraint and hospitalization of persons posing risk of serious harm by reason of mental illness).   See Petition. As best can be gleaned from the handwritten pleadings and documents, Lore voluntarily sought assistance from the Emergency Department, where she was held overnight.  She contends that she was subsequently coerced to sign a conditional involuntary commitment.  She complains that her CPCS attorney has been unresponsive and that her hearing has been postponed for two weeks.  With her handwritten pleading, she submitted (1) a hospital form authorizing the release of Lore's medical information to the court; and (2) a Massachusetts state court form titled "Request for Emergency Hearing after involuntary admission to mental health facility G.L. c. 123, § 12(b)."

       In her pleading, Ms. Lore makes reference to her court appointed attorney and the fact that a hearing has been scheduled, albeit, postponed for a two-week period.  She states that she is

not satisfied with her attorney's representation and she has requested a different attorney. Also, she states that her attorney postponed her hearing despite the fact that she did not consent to the postponement.

For relief, Ms. Lore requests a hearing and states that if "the venue is incorrect, please transfer the document to the appropriate venue." See Docket No. 1.

## DISCUSSION

A habeas corpus application allows a petitioner to challenge the fact, length, or conditions of custody and seek immediate release. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 484--85 (1973). The Supreme Court "repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Addington v. Texas, 441 U.S. 418, 423 (1979) (citations omitted); see also Sarzen v. Gaughan, 489 F.2d 1076, 1081–1082 (1st Cir. 1973) (discussing procedural course of involuntary commitment case which utilized a habeas petition to challenge the commitment).

A statute allowing for involuntary civil commitment does not violate substantive due process "when (1) the confinement takes place pursuant to proper procedures and evidentiary standards, (2) there is a finding of dangerousness either to one's self or to others, and (3) proof of dangerousness is coupled with the proof of some additional factor, such as a 'mental illness' or 'mental abnormality.'" Kansas v. Crane, 534 U.S. 407, 409–10 (2002).

In Massachusetts, Chapter 123 provides detailed procedures regarding admission to and discharge from a general or psychiatric hospital. See M.G.L. ch. 123, §§ 1–12. Section 12(b) allows for an individual to be admitted to a psychiatric unit for up to three business days against the individual's will or without the individual's consent. Id. at §12(b). A person shall be

discharged at the end of the three day period, unless the person remains on a voluntary status or the hospital petitions the district court for involuntary commitment pursuant to M.G.L. ch. 123, §§ 7 and 8. Id. at § 12(d). Once admitted, the individual has the right to a hearing, id. at § 5, and may request appointment of an attorney. Id. at § 12(b); 104 CMR 27.07(3). Additionally, a person admitted pursuant to Section 12(b) has the right to request a hearing and the facility, and/or the person's legal representative, shall take steps to transmit such request to the court. See 103 CMR 27.07(4).

To the extent petitioner is confined without a state court order, she may challenge her confinement pursuant to Section 2241.[1] However, if she has, in fact, been confined pursuant to a judgment of a state court, Section 2254 would provide the remedy for her habeas claim.[2] Either way, Ms. Lore's petition has not been served pending the court's review thereof. See 28 U.S.C. § 2243 (if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ [of habeas corpus] should not be granted").

There are prerequisites to habeas relief that must be satisfied before a federal court may order the release of a person unconstitutionally confined, including the exhaustion of state court remedies. See 28 U.S.C. § 2254(b)(1)(A); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 491–492 (1973) (before pursuing habeas relief under Section 2241, petitioner must

---

[1] Section 2241 of Title 28 of the United States Code confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3).

[2] Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court ... on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

first exhaust all available state court remedies).

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v.. Greer, 481 U.S. 129 (1987). Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose v. Lundy, 455 U.S. 509, 519 (1982). Exceptions to the exhaustion requirement include the unavailability of state corrective process, circumstances render the process ineffective to protect petitioner's rights, or if exhaustion would be futile in light of prior decisions by the state's highest court to seeking state relief. 28 U.S.C. §§ 2254(b)(1)(A)-(B), (c).

Even if Ms. Lore had stated a colorable claim regarding her commitment, her claims are subject to dismissal without prejudice because she must utilize the available state procedures before coming to federal court. Here, Ms. Lore has not shown that she has exhausted her claims in the Massachusetts state courts.

## CONCLUSION

Based on the foregoing, this Court lacks jurisdiction to hear the petitioner's claims and dismisses this action. The clerk shall mail a courtesy copy of this Memorandum and Order to the General Counsel[3] for Beth Israel Deaconess Medical Center.

SO ORDERED.

        /s/ William G. Young
        WILLIAM G. YOUNG
        UNITED STATES DISTRICT JUDGE

---

[3] Beth Israel Deaconess Medical Center, Office of General Counsel, 330 Brookline Avenue, Building BR-300, Boston, MA 02215.